IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARROLL JARRETT, as Father and Next Friend of B.D.S., a minor, and PATRICIA MILLER, as Legal Guardian of M.S., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>Defendant,<br><br>vs.<br><br>FUJICOLOR PROCESSING, INC.,<br><br>Third-Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case Number CIV-08-1049-C<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Third-Party Defendant Fujicolor Processing, Inc. ("Fujicolor") filed the present Motion to Compel seeking responses to certain interrogatories it served on Plaintiffs on January 19, 2009. The motion alleges that the responses to Interrogatory Nos. 3, 5, 6, and 7 are deficient because they refer Fujicolor to Plaintiffs' Amended Complaint, documents attached to their response to Requests for Production Nos. 1 and 6, the sworn statement of Robert Strange, and "deposition testimony of Wal-Mart employees." Next, Fujicolor argues that Plaintiffs' response to Interrogatory No. 8 fails to provide information regarding the manner in which their claims for future medical expenses were calculated. Fujicolor also contends that, to the extent that Plaintiffs seek attorney's fees as a category of damages at

trial, they should be required to provide a calculation as to the amount of fees sought and the manner in which they were calculated. Plaintiffs' response indicates that they feel their responses are sufficient. Additionally, they assert that they do not have any notes or calculations regarding the future medical expenses calculated by their experts and that Fujicolor can ascertain how the experts reached their opinions during their depositions.

Rule 33 of the Federal Rules of Civil Procedure governs the serving and answering of interrogatories. It provides that "[e]ach interrogatory must . . . be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Parties are permitted to produce their business records in accordance with Fed. R. Civ. P. 33(d) as their response. Additionally, they are permitted to refer to documents attached to their interrogatory answers. Zapata v. IBP, Inc., No. CIV.A. 93-2366-EEO, 1997 WL 50474, at *1 (D. Kan. Feb, 4, 1997). However, "[b]ecause Rule 33(b)(1) requires a party to answer each interrogatory 'fully,' it is technically improper and unresponsive for an answer to an interrogatory to refer to outside material, such as pleadings, depositions, or other interrogatories." Equal Rights Ctr. v. Post Props., Inc., 246 F.R.D. 29, 35 (D.D.C. 2007). Therefore, the Court finds that Plaintiffs' responses to Interrogatory Nos. 3, 5, 6, and 7 are insufficient. From the information provided to the Court, it appears that Plaintiffs did not refer to specific documents that were attached to their answers to the interrogatories, but instead referred to documents produced or filed previously in the case. The Court finds this improper, see Continental Illinois National Bank & Trust Co. of Chicago v. Caton, 136 F.R.D. 682, 687 (D. Kan. 1991), and orders Plaintiffs to supplement their responses to these interrogatories.

With respect to Interrogatory No. 8, Fujicolor requested that Plaintiffs provide all damages they seek, including the category of damages, the amount sought, and how each amount was calculated. Fujicolor contends that Plaintiffs' response indicates that their experts calculated future medical expenses to be between $500,000 and $1,000,000 per child, but Plaintiffs failed to provide any information with respect to how this information was calculated. Fujicolor further asserts that, to the extent that Plaintiffs seek attorney's fees as a category of damages at trial, they should be required to provide a calculation as to the amount and manner of calculation.

Plaintiffs' response indicates that they adequately described the categories of damages they are requesting, along with a dollar figure for each category. They further assert that they have provided Fujicolor with copies of their expert reports listing the future medical damages sought, but that they do not have the notes or calculations of their experts. It is clear to the Court that Fujicolor is entitled to know how Plaintiffs' experts arrived at the dollar value for their claims for future medical expenses. Plaintiffs' reference to an attached expert report would be sufficient if such calculations were contained therein, as is customary. However, Fujicolor claims that the expert reports provided by Plaintiffs do not indicate how the amount of damages sought was calculated, and Plaintiffs do not dispute that assertion. Neither party has provided the Court with copies of the expert reports at issue, and the Court must therefore accept Fujicolor's undisputed assertion as true. The Court therefore orders Plaintiffs to supplement their responses to Interrogatory No. 8 to include information concerning the method used to calculated their future medical expenses.

With respect to the request for information regarding Plaintiffs' calculation of attorney's fees sought, the Court finds Fujicolor's arguments untenable. Fujicolor has not cited, nor has the Court located, any authority providing attorney's fees as a measure of damages for Plaintiffs' claim of negligence per se. Therefore, Plaintiffs are not required to provide such information at this time.

Finally, Fujicolor, without attaching a copy of its Requests for Production, indicates that Plaintiffs did not attach all documents in support of their claims for damages as requested. Fujicolor requests that the Court order Plaintiffs to produce all documents relating to attorney's fees and future medical expenses. For the same reasons as set forth above, Plaintiffs do not need to disclose documents relating to their attorney's fees. However, to the extent that they have not provided documents regarding their claims for future medical expenses pursuant to Fujicolor's Request for Production, the Court orders that such documents shall be disclosed.

Accordingly, Fujicolor's Motion to Compel (Dkt. No. 57) is GRANTED IN PART and DENIED IN PART. Plaintiffs are ordered to supplement the following responses to interrogatories: Interrogatory Nos. 3, 5, 6, and 7, to provide their factual responses in lieu of references to outside pleadings and depositions; Interrogatory No. 8, to provide details regarding the manner of calculating their claim for future medical expenses; and Request for Production No. 5, to disclose documents relating to their claims for future medical expenses.

IT IS SO ORDERED this 2nd day of September, 2009.

*(signature)*
ROBIN J. CAUTHRON
United States District Judge